UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BETTY SAVOIE** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER: 06-7808** |
| **SAFECO INSURANCE COMPANY OF AMERICA, ET AL.** | * | **SECTION "L" (2)** |

## ORDER & REASONS

Before the Court is the Plaintiff's Motion to Remand (Rec. Doc. 4). For the following reasons, the Plaintiff's motion is now GRANTED IN PART and DENIED IN PART.

**I.     BACKGROUND**

This case arises from a dispute regarding insurance coverage for the Plaintiff's home located at 339 River Point Drive in Destrehan, Louisiana, which suffered damage as a result of Hurricane Katrina. The Defendants in this case are General Insurance Company of America ("GICA"), the Plaintiff's homeowner's insurance carrier, Regions Bank, allegedly the Plaintiff's insurance agent, and S&S Home Improvements, a contractor the Plaintiff hired to repair her home.[1] The Plaintiff's policy has coverage limits of $65,137, of which $7,044 has been paid.

In August of 2006, the Plaintiff filed the present action in the 29th Judicial District Court for the Parish of St. Charles, State of Louisiana. The Plaintiff seeks a declaration that her insurance policy provides coverage for all damage resulting from a hurricane. The Plaintiff alleges that she is entitled to payment from GICA for damages and losses to the property, in

---

[1] GICA is a citizen of Washington; Regions Bank is a citizen of Alabama; and S&S Home Improvements is alleged to be a citizen of Louisiana.

1

addition to bad-faith penalties under Louisiana law and damages for emotional distress.  The Plaintiff also alleges that Regions Bank negligently failed to advise her of potential gaps in insurance coverage and failed to procure adequate insurance.  Lastly, the Plaintiff alleges that S&S Home Improvements negligently repaired her home after the storm, causing additional damage.

GICA removed this case to federal court on October 11, 2006, contending that this Court has jurisdiction under either of the following provisions:  (1) diversity jurisdiction under 28 U.S.C. § 1332, because S&S Home Improvements was improperly joined and the amount in controversy exceeds $75,000; or (2) the Multiparty, Multiforum Trial Jurisdiction Act, 28 U.S.C. § 1369.  On November 9, 2006, the Plaintiff filed the instant motion to remand.

## II.     LAW & ANALYSIS

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper.  *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).  As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941).  Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."  *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).  Accordingly, all disputed questions of fact must be resolved in favor of the non-moving party.  *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

GICA contends that this Court has diversity jurisdiction over this case because complete diversity exists between the Plaintiff and the properly joined Defendants, and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332.

Specifically, GICA asserts that diversity jurisdiction exists because S&S Home Improvements, the non-diverse defendant, was improperly joined and, therefore, that the Court must disregard the citizenship of this defendant. The Plaintiffs claims against GICA and Regions Bank concern insurance coverage for her home for damages caused by Hurricane Katrina. The Plaintiff's claims against S&S Home Improvements, however, are wholly independent allegations of improper construction and repair that occurred months after Hurricane Katrina. While the Plaintiff and her home are involved in both sets of claims, it cannot be said that these claims involve common questions of law or fact. *See Berthelot v. Boh Bros. Const. Co., L.L.C.*, No. 05-4182, 2006 WL 1984661, at *12 (E.D. La. June 1, 2006) ("[T]he claims against [the Orleans Levee District ("OLD")] sound in negligence under Louisiana tort law whereas the claims against the Insurer Defendants rest on contract interpretation and have virtually no relation to the claims against OLD."); *see also Defourneaux v. Met. Prop. & Cas. Ins. Co.*, No. 06-3809, 2006 WL 2524165 (E.D. La. Aug. 30, 2006) (severing the plaintiffs' claims against Jefferson Parish for failing to maintain the pumping and drainage system from their claims against their homeowners' insurer).[2]

## III.   CONCLUSION

Accordingly, IT IS ORDERED that the Plaintiff's claims against S&S Home

---

[2] Considering the Plaintiff's claims for bad-faith penalties and damages for emotional distress, the Court finds that the Defendants have demonstrated that the amount in controversy exceeds $75,000.
While the Court need not consider whether federal jurisdiction exists under the Multiparty, Multiforum Trial Jurisdiction Act, 28 U.S.C. § 1369, the Court notes that, in this case, it does not. *See, e.g., Case v. ANPAC La. Ins. Co.*, ___ F. Supp. 2d ___, 2006 WL 3615064, at *6-15 (E.D. La. Dec. 11, 2006); *Southall v. St. Paul Travelers Ins. Co.*, No. 06-3848, 2006 WL 2385365, at *5-6 (E.D. La. Aug. 16, 2006); *Flint v. La. Farm Bureau Mut. Ins. Co.*, No. 06-2546, 2006 WL 2375593, at *2-4 (E.D. La. Aug. 15, 2006).

Improvements are SEVERED from her claims against GICA and Regions Bank.

IT IS FURTHER ORDERED that the Plaintiff's Motion to Remand is GRANTED IN PART as to the claims against S&S Home Improvements, which are hereby REMANDED to the 29th Judicial District Court for the Parish of St. Charles, State of Louisiana, and DENIED IN PART as to the claims against GICA and Regions Bank, over which this Court will exercise diversity jurisdiction.

New Orleans, Louisiana, this  23rd  day of   February  , 2007.

_____
UNITED STATES DISTRICT JUDGE